| | |
|---|---|
| UNIVERSAL CONNECTIVITY TECHNOLOGIES INC., <br><br> Plaintiff, <br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 1:23-cv-1177 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT
## AGAINST HP INC.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Universal Connectivity Technologies Inc. ("Plaintiff") makes the following allegations against Defendant HP Inc. ("Defendant" or "HP"):

## INTRODUCTION

1. This complaint arises from HP's unlawful infringement of the following United States patents owned by Plaintiff: United States Patent Nos. 7,154,905 ("the '905 Patent"), 7,187,307 ("the '307 Patent"), 7,746,798 ("the '798 Patent"), 9,232,265 ("the '265 Patent"), 8,680,712 ("the '712 Patent"), 7,856,520 ("the '520 Patent"), 7,921,231 ("the '231 Patent"), and 9,852,103 ("the '103 Patent") (collectively, the "Asserted Patents").

## PARTIES

2. Plaintiff Universal Connectivity Technologies Inc. ("UCT") is a Delaware corporation, with its principal place of business at 251 Little Falls Drive, Wilmington, DE 19808. UCT is a wholly-owned subsidiary of WiLAN Technologies Inc., which is a wholly-owned subsidiary of Wi-LAN Inc. ("WiLAN"), and is a Canadian corporation with a principal place of

business at 1891 Robertson Road, Suite 100, Ottawa, ON K2H 5B7, Canada. UCT is the sole owner by assignment of all right, title, and interest in the Asserted Patents, including the right to recover for past, present, and future infringement.

3. On information and belief, Defendant HP Inc. is a corporation organized under the laws of Delaware, with its principal place of business at 1501 Page Mill Road, Palo Alto, California 94304. HP is registered to do business in the State of Texas and may be served through its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over HP in this action because HP has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over HP would not offend traditional notions of fair play and substantial justice. HP, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, making, using, importing, offering to sell, and/or selling products that infringe the Asserted Patents.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). HP is registered to do business in Texas, and upon information and belief, HP has transacted business in this District and has committed acts of direct infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents.

HP has regular and established places of business in this District, including at 3800 Quick Hill Rd. #100, Austin, Texas 78728.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 7,154,905**

7. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,154,905, titled "Method and system for nesting of communications packets." The '905 Patent was duly and legally issued by the United States Patent and Trademark Office on December 26, 2006. A true and correct copy of the '905 Patent is attached as Exhibit 1.

9. On information and belief, HP has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation HP products (laptops, desktops, monitors, and docking stations) that support DisplayPort 1.2 or later, such as the E24 G4 FHD Monitor, the EliteDesk 805 G6 Small Form Factor PC, and the EliteBook 655 G9 Notebook PC ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '905 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order. Plaintiff's identification of the Accused Products is not intended to accuse products where the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

10. The Accused Products satisfy all claim limitations of one or more claims of the '905 Patent. A claim chart comparing exemplary independent claim 21 of the '905 Patent to representative Accused Products is attached as Exhibit 2.

11. HP also knowingly and intentionally induces infringement of one or more claims of the '905 Patent in violation of 35 U.S.C. § 271(b). On June 30, 2022, WiLAN sent HP a letter indicating that certain HP products infringe at least claim 21 of the '905 Patent and proposed times to discuss a potential license from WiLAN to practice the '905 Patent. Ex. 3. HP did not respond to WiLAN's June 30 letter. Thereafter, on October 6, 2022, WiLAN sent a follow-up letter to HP requesting times to discuss the matters raised in the June 30 letter. Ex. 4. To date, HP has not responded to WiLAN's requests.

12. As of June 30, 2022 (or at least as of the time of the filing and service of this complaint), HP has knowledge of the '905 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '905 Patent, HP continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 2) to use the Accused Products in ways that directly infringe the '905 Patent. For example, HP advertises that its products are compatible with DisplayPort. *See* Ex. 5 (EliteDesk 805 G6 Small Form Factor PC Specifications - https://support.hp.com/us-en/document/c06951522#AbT8); Ex. 6 (EliteBook 655 G9 Notebook PC Specifications - https://h20195.www2.hp.com/v2/getpdf.aspx/c07959342.pdf). HP also instructs its customers and end users on how to use the Accused Products in an infringing manner, including through the use of DisplayPort. *See, e.g.*, Ex. 7 (EliteBook 655 G9 Notebook PC User Guide - https://support.hp.com/ie-en/product/setup-user-guides/hp-elitebook-655-15.6-inch-g9-notebook-pc/2101000774); Ex. 8 (EliteDesk 805 G6 Small Form Factor PC User Guide -

4

https://support.hp.com/us-en/product/setup-user-guides/hp-elitedesk-805-g6-small-form-factor-pc/35865693). HP provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. HP also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '905 Patent, thereby specifically intending for and inducing its customers to infringe the '905 Patent through the customers' normal and customary use of the Accused Products.

13. HP has also infringed, and continues to infringe, one or more claims of the '905 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '905 Patent, are especially made or adapted to infringe the '905 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of June 30, 2022 (or at least as of the time of filing and service of this complaint), HP has knowledge of the '905 Patent and the infringing nature of the Accused Products. HP has been, and currently is, contributorily infringing the '905 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware and/or software components in HP's laptops, desktops, and monitors that support DisplayPort 1.2 constitute a material part of the inventions claimed in the '905 Patent, are especially made or adapted to infringe the '905 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 2.

14. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, HP has injured Plaintiff and is liable for infringement of the '905 Patent pursuant to 35 U.S.C. § 271.

15. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. §287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '905 Patent during the relevant time period or were not required to mark during the relevant time period.

16. As described above, HP obtained knowledge of the '905 Patent and that certain products infringe the '905 Patent as of at least June 30, 2022, but has not ceased its infringing activities. HP's infringement of the '905 Patent has been and continues to be willful and deliberate. HP also has knowledge of the '905 Patent by way of this complaint and, to the extent they do not cease their infringing activities, their infringement is and continues to be willful and deliberate.

17. As a result of HP's direct and indirect infringement of the '905 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for HP's infringement, but in no event less than a reasonable royalty for the use made of the invention by HP, together with interest and costs as fixed by the Court.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 7,187,307

18. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

19. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,187,307, titled "Method and system for encapsulation of multiple levels of communication protocol functionality within line codes." The '307 Patent was duly and legally issued by the United States Patent and Trademark Office on March 6, 2007. A true and correct copy of the '307 Patent is attached as Exhibit 9.

20.     On information and belief, HP has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation HP products (laptops, desktops, monitors, and docking stations) that support DisplayPort Version 1.0 or later, such as the E24 G4 FHD Monitor, the EliteDesk 805 G6 Small Form Factor PC, the EliteBook 655 G9 Notebook PC, USB-C Dock G5 Docking Station, and the EliteBook Ultraslim Docking Station ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '307 Patent.  Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.  Plaintiff's identification of the Accused Products is not intended to accuse products where the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

21.     The Accused Products satisfy all claim limitations of one or more claims of the '307 Patent.  A claim chart comparing exemplary independent claim 68 of the '307 Patent to representative Accused Products is attached as Exhibit 10.

22.     HP also knowingly and intentionally induces infringement of one or more claims of the '307 Patent in violation of 35 U.S.C. § 271(b).  On June 30, 2022, WiLAN sent HP a letter indicating that certain HP products infringe at least claims 53 and 68 of the '307 Patent and proposed times to discuss a potential license from WiLAN to practice the '307 Patent. Ex. 3.  HP did not respond to WiLAN's June 30 letter.  Thereafter, on October 6, 2022, WiLAN sent a follow-up letter to HP requesting times to discuss the matters raised in the June 30 letter. Ex. 4.  To date, HP has not responded to WiLAN's requests.

23.     As of June 30, 2022 (or at least as of the time of the filing and service of this complaint), HP has knowledge of the '307 Patent and the infringing nature of the Accused

Products. Despite this knowledge of the '307 Patent, HP continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 10) to use the Accused Products in ways that directly infringe the '307 Patent. For example, HP advertises that its products are compatible with DisplayPort. *See* Ex. 5 (EliteDesk 805 G6 Small Form Factor PC Specifications - https://support.hp.com/us-en/document/c06951522#AbT8); Ex. 6 (EliteBook 655 G9 Notebook PC Specifications -- https://h20195.www2.hp.com/v2/getpdf.aspx/c07959342.pdf). HP also instructs its customers and end users on how to use the Accused Products in an infringing manner, including through the use of DisplayPort. *See, e.g.*, Ex. 7 (EliteBook 655 G9 Notebook PC User Guide - https://support.hp.com/ie-en/product/setup-user-guides/hp-elitebook-655-15.6-inch-g9-notebook-pc/2101000774); Ex. 8 (EliteDesk 805 G6 Small Form Factor PC User Guide - https://support.hp.com/us-en/product/setup-user-guides/hp-elitedesk-805-g6-small-form-factor-pc/35865693). HP provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. HP also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '307 Patent, thereby specifically intending for and inducing its customers to infringe the '307 Patent through the customers' normal and customary use of the Accused Products.

24. HP has also infringed, and continues to infringe, one or more claims of the '307 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '307 Patent, are especially made or adapted to infringe the '307 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of June 30, 2022 (or at least as of

the time of the filing and service of this complaint), HP has knowledge of the '307 Patent and the infringing nature of the Accused Products. HP has been, and currently is, contributorily infringing the '307 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware and/or software components in HP's laptops, desktops, and docking stations that support DisplayPort constitute a material part of the inventions claimed in the '307 Patent, are especially made or adapted to infringe the '307 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 10.

25. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, HP has injured Plaintiff and is liable for infringement of the '307 Patent pursuant to 35 U.S.C. § 271.

26. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. §287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '307 Patent during the relevant time period or were not required to mark during the relevant time period.

27. As described above, HP obtained knowledge of the '307 Patent and that certain products infringe the '307 Patent as of at least June 30, 2022, but has not ceased its infringing activities. HP's infringement of the '307 Patent has been and continues to be willful and deliberate. HP also has knowledge of the '307 Patent by way of this complaint and, to the extent they do not cease their infringing activities, their infringement is and continues to be willful and deliberate.

28. As a result of HP's direct and indirect infringement of the '307 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for HP's infringement, but in no event less than a reasonable royalty for the use made of the invention by HP, together with interest and costs as fixed by the Court.

**INFRINGEMENT OF U.S. PATENT NO. 7,746,798**

29. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

30. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,746,798, titled "Method and system for integrating packet type information with synchronization symbols." The '798 Patent was duly and legally issued by the United States Patent and Trademark Office on June 29, 2010. A true and correct copy of the '798 Patent is attached as Exhibit 11.

31. On information and belief, HP has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation HP products (laptops, desktops, monitors, and docking stations) that support USB 3.0 and later, such as the E24u G4 FHD USB-C Monitor, the EliteDesk 805 G6 Small Form Factor PC, and Pavilion 15z Laptop ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '798 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order. Plaintiff's identification of the Accused Products is not intended to accuse products where the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

32. The Accused Products satisfy all claim limitations of one or more claims of the '798 Patent. A claim chart comparing exemplary independent claim 19 of the '798 Patent to representative Accused Products is attached as Exhibit 12.

33.     HP also knowingly and intentionally induces infringement of one or more claims of the '798 Patent in violation of 35 U.S.C. § 271(b).  On June 30, 2022, WiLAN sent HP a letter indicating that certain HP products infringe at least claim 19 of the '798 Patent and proposed times to discuss a potential license from WiLAN to practice the '798 Patent.  Ex. 3.  HP did not respond to WiLAN's June 30 letter.  Thereafter, on October 6, 2022, WiLAN sent a follow-up letter to HP requesting times to discuss the matters raised in the June 30 letter.  Ex. 4.  To date, HP has not responded to WiLAN's requests.

34.     As of June 30, 2022 (or at least as of the time of the filing and service of this complaint), HP has knowledge of the '798 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '798 Patent, HP continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 12) to use the Accused Products in ways that directly infringe the '798 Patent.  For example, HP advertises that its products are compatible with USB.  *See* Ex. 5 (EliteDesk 805 G6 Small Form Factor PC Specifications - https://support.hp.com/us-en/document/c06951522#AbT8); Ex. 13 (Pavilion 15z Laptop Specifications - https://www.hp.com/us-en/shop/pdp/hp-pavilion-laptop-15z-eh100-2h5a8av-1?source=aw&subacctid=522691&subacctname=Reviewed&adcampaigngroup=91539jumpid=af_gen_nc_ns&campaignID=&awc=7168_1677515620_8cd5c6bf4e2f62be374df30cccf56322&jumpid=ps_con_nb_ns&utm_medium=ps&utm_source=ga&utm_campaign=HP-Store_US_BRA_PS_CPS_OPEX_Google_All_SEM_All_Notebooks-DSA&utm_term=&matchtype=&adid=649359588145&addisttype=g&DSA&gclid=Cj0KCQjwmZejBhC_ARIsAGhCqnd7tB8de9FT8zRD2UCPmm-0WAm6i-w9hOolnzu3PR9UgXUnljioq8IaAm1qEALw_wcB&gclsrc=aw.ds#techSpecs).  HP also instructs

its customers and end users on how to use the Accused Products in an infringing manner, including through the use of USB.  *See, e.g.*, Ex. 8 (EliteDesk 805 G6 Small Form Factor PC User Guide - https://support.hp.com/us-en/product/setup-user-guides/hp-elitedesk-805-g6-small-form-factor-pc/35865693).  Ex. 14 (Pavilion 15z Laptop User Guide - https://support.hp.com/us-en/product/setup-user-guides/hp-pavilion-15-cw1000-laptop-pc/model/26183459).  HP provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  HP also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '798 Patent, thereby specifically intending for and inducing its customers to infringe the '798 Patent through the customers' normal and customary use of the Accused Products.

35.     HP has also infringed, and continues to infringe, one or more claims of the '798 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '798 Patent, are especially made or adapted to infringe the '798 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of June 30, 2022 (or at least as of the time of the filing and service of this complaint), HP has knowledge of the '798 Patent and the infringing nature of the Accused Products.  HP has been, and currently is, contributorily infringing the '798 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the identified hardware and/or software components in HP's laptops and desktops that support USB 3.0 and later constitute a material part of the inventions claimed in the '798 Patent, are especially made or adapted to infringe the '798 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 12.

36. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, HP has injured Plaintiff and is liable for infringement of the '798 Patent pursuant to 35 U.S.C. § 271.

37. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. §287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '798 Patent during the relevant time period or were not required to mark during the relevant time period.

38. As described above, HP obtained knowledge of the '798 Patent and that certain products infringe the '798 Patent as of at least June 30, 2022, but has not ceased its infringing activities. HP's infringement of the '798 Patent has been and continues to be willful and deliberate. HP also has knowledge of the '798 Patent by way of this complaint and, to the extent they do not cease their infringing activities, their infringement is and continues to be willful and deliberate.

39. As a result of HP's direct and indirect infringement of the '798 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for HP's infringement, but in no event less than a reasonable royalty for the use made of the invention by HP, together with interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 9,232,265

40. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

41. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,232,265, titled "Method, apparatus and system for transitioning an audio/video device between a source mode

13

and a sink mode." The '265 Patent was duly and legally issued by the United States Patent and Trademark Office on January 5, 2016. A true and correct copy of the '265 Patent is attached as Exhibit 15.

42. On information and belief, HP has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation HP products (laptops, desktops, and monitors) that support USB-C Revision 1.0 or later, such as the E24u G4 FHD USB-C Monitor, the EliteDesk 805 G6 Small Form Factor PC, and EliteBook 655 G9 Notebook PC ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '265 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order. Plaintiff's identification of the Accused Products is not intended to accuse products where the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

43. The Accused Products satisfy all claim limitations of one or more claims of the '265 Patent. A claim chart comparing exemplary independent claim 8 of the '265 Patent to representative Accused Products is attached as Exhibit 16.

44. HP also knowingly and intentionally induces infringement of one or more claims of the '265 Patent in violation of 35 U.S.C. § 271(b). On June 30, 2022, WiLAN sent HP a letter indicating that certain HP products infringe at least claim 8 of the '265 Patent and proposed times to discuss a potential license from WiLAN to practice the '265 Patent. Ex. 3. HP did not respond to WiLAN's June 30 letter. Thereafter, on October 6, 2022, WiLAN sent a follow-up letter to HP requesting times to discuss the matters raised in the June 30 letter. Ex. 4. To date, HP has not responded to WiLAN's requests.

14

45.     As of June 30, 2022 (or at least as of the time of the filing and service of this complaint), HP has knowledge of the '265 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '265 Patent, HP continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 16) to use the Accused Products in ways that directly infringe the '265 Patent.  For example, HP advertises that its products are compatible with USB-C.  *See* Ex. 5 (EliteDesk 805 G6 Small Form Factor PC Specifications - https://support.hp.com/us-en/document/c06951522#AbT8); Ex. 6 (EliteBook 655 G9 Notebook PC Specifications - https://h20195.www2.hp.com/v2/getpdf.aspx/c07959342.pdf).  HP also instructs its customers and end users on how to use the Accused Products in an infringing manner, including through the use of USB-C.  *See, e.g.*, Ex. 7 (EliteBook 655 G9 Notebook PC User Guide - https://support.hp.com/ie-en/product/setup-user-guides/hp-elitebook-655-15.6-inch-g9-notebook-pc/2101000774); Ex. 8 (EliteDesk 805 G6 Small Form Factor PC User Guide - https://support.hp.com/us-en/product/setup-user-guides/hp-elitedesk-805-g6-small-form-factor-pc/35865693).  HP provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  HP also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '265 Patent, thereby specifically intending for and inducing its customers to infringe the '265 Patent through the customers' normal and customary use of the Accused Products.

46.     HP has also infringed, and continues to infringe, one or more claims of the '265 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '265

Patent, are especially made or adapted to infringe the '265 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of June 30, 2022 (or at least as of the time of the filing and service of this complaint), HP has knowledge of the '265 Patent and the infringing nature of the Accused Products. HP has been, and currently is, contributorily infringing the '265 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware and/or software components in HP's laptops, desktops, and monitors that support USB-C Release 1.0 or later constitute a material part of the inventions claimed in the '265 Patent, are especially made or adapted to infringe the '265 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 16.

47. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, HP has injured Plaintiff and is liable for infringement of the '265 Patent pursuant to 35 U.S.C. § 271.

48. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. §287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '265 Patent during the relevant time period or were not required to mark during the relevant time period.

49. As described above, HP obtained knowledge of the '265 Patent and that certain products infringe the '265 Patent as of at least June 30, 2022, but has not ceased its infringing activities. HP's infringement of the '265 Patent has been and continues to be willful and deliberate. HP also has knowledge of the '265 Patent by way of this complaint and, to the extent they do not cease their infringing activities, their infringement is and continues to be willful and deliberate.

50. As a result of HP's direct and indirect infringement of the '265 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for

16

HP's infringement, but in no event less than a reasonable royalty for the use made of the invention by HP, together with interest and costs as fixed by the Court.

**COUNT V**

**INFRINGEMENT OF U.S. PATENT NO. 8,680,712**

51. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

52. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,680,712, titled "Power delivery over digital interaction interface for video and audio (DiiVA)." The '712 Patent was duly and legally issued by the United States Patent and Trademark Office on March 25, 2014. A true and correct copy of the '712 Patent is attached as Exhibit 17.

53. On information and belief, HP has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation HP products (laptops, desktops, monitors, docking stations, and power adapters) that support USB-C Version 1.0 and later, such as the E24u G4 FHD USB-C Monitor, the EliteDesk 805 G6 Small Form Factor PC, and EliteBook 655 G9 Notebook PC ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '712 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order. Plaintiff's identification of the Accused Products is not intended to accuse products where the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

17

54. The Accused Products satisfy all claim limitations of one or more claims of the '712 Patent. A claim chart comparing exemplary independent claim 1 of the '712 Patent to representative Accused Products is attached as Exhibit 18.

55. HP also knowingly and intentionally induces infringement of one or more claims of the '712 Patent in violation of 35 U.S.C. § 271(b). On June 30, 2022, WiLAN sent HP a letter indicating that certain HP products infringe at least claim 1 of the '712 Patent and proposed times to discuss a potential license from WiLAN to practice the '712 Patent. Ex. 3. HP did not respond to WiLAN's June 30 letter. Thereafter, on October 6, 2022, WiLAN sent a follow-up letter to HP requesting times to discuss the matters raised in the June 30 letter. Ex. 4. To date, HP has not responded to WiLAN's requests.

56. As of June 30, 2022 (or at least as of the time of the filing and service of this complaint), HP has knowledge of the '712 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '712 Patent, HP continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 18) to use the Accused Products in ways that directly infringe the '712 Patent. For example, HP advertises that its products are compatible with USB-C. *See* Ex. 5 (EliteDesk 805 G6 Small Form Factor PC Specifications - https://support.hp.com/us-en/document/c06951522#AbT8); Ex. 6 (EliteBook 655 G9 Notebook PC Specifications -- https://h20195.www2.hp.com/v2/getpdf.aspx/c07959342.pdf). HP also instructs its customers and end users on how to use the Accused Products in an infringing manner, including through the use of USB-C. *See, e.g.,* Ex. 7 (EliteBook 655 G9 Notebook PC User Guide - https://support.hp.com/ie-en/product/setup-user-guides/hp-elitebook-655-15.6-inch-g9-notebook-pc/2101000774); Ex. 8 (EliteDesk 805 G6 Small Form Factor PC User Guide -

https://support.hp.com/us-en/product/setup-user-guides/hp-elitedesk-805-g6-small-form-factor-pc/35865693).  HP provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. HP also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '712 Patent, thereby specifically intending for and inducing its customers to infringe the '712 Patent through the customers' normal and customary use of the Accused Products.

57.     HP has also infringed, and continues to infringe, one or more claims of the '712 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '712 Patent, are especially made or adapted to infringe the '712 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of June 30, 2022 (or at least as of the time of the filing and service of this complaint), HP has knowledge of the '712 Patent and the infringing nature of the Accused Products.  HP has been, and currently is, contributorily infringing the '712 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the identified hardware and/or software components in HP's laptops, desktops, and monitors that support USB-C Release 1.0 and later constitute a material part of the inventions claimed in the '712 Patent, are especially made or adapted to infringe the '712 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 18.

58.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, HP has injured Plaintiff and is liable for infringement of the '712 Patent pursuant to 35 U.S.C. § 271.

59. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. §287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '712 Patent during the relevant time period or were not required to mark during the relevant time period.

60. As described above, HP obtained knowledge of the '712 Patent and that certain products infringe the '712 Patent as of at least June 30, 2022, but has not ceased its infringing activities. HP's infringement of the '712 Patent has been and continues to be willful and deliberate. HP also has knowledge of the '712 Patent by way of this complaint and, to the extent they do not cease their infringing activities, their infringement is and continues to be willful and deliberate.

61. As a result of HP's direct and indirect infringement of the '712 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for HP's infringement, but in no event less than a reasonable royalty for the use made of the invention by HP, together with interest and costs as fixed by the Court.

**COUNT VI**

**INFRINGEMENT OF U.S. PATENT NO. 7,856,520**

62. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

63. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,856,520, titled "Control bus for connection of electronic devices." The '520 Patent was duly and legally issued by the United States Patent and Trademark Office on December 21, 2010. A true and correct copy of the '520 Patent is attached as Exhibit 19.

64.     On information and belief, HP has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation HP products (laptops, desktops, monitors, docking stations, and USB-C to DP/HDMI adapters) that support DisplayPort Alt Mode on USB Type-C Version 1.0 and later or HDMI Alt Mode for USB-C, such as the EliteBook 865 G9 Pro Laptop ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '520 Patent.  Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.  Plaintiff's identification of the Accused Products is not intended to accuse products where the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

65.     The Accused Products satisfy all claim limitations of one or more claims of the '520 Patent.   A claim chart comparing exemplary independent claim 12 of the '520 Patent to representative Accused Products is attached as Exhibit 20.

66.     HP also knowingly and intentionally induces infringement of one or more claims of the '520 Patent in violation of 35 U.S.C. § 271(b).  As of at least the filing and service of this complaint, HP has knowledge of the '520 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '520 Patent, HP continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 20) to use the Accused Products in ways that directly infringe the '520 Patent.  For example, HP advertises that its products provide DisplayPort Alternative Mode connections over USB-C.  *See* Ex. 21 (EliteBook 865 G9 Pro Specifications - https://www.hp.com/us-en/shop/pdp/hp-elitebook-865-16-inch-g9-notebook-pc-wolf-pro-security-edition?&a=1&jumpid=cs_con_nc_ns&utm_medium=cs&utm_source=ga&utm_campaign=HP-

21

Store_US_All_BPS_All_AMD_Google_All_Smart-
PLA_Bestseller&utm_content=sp&adid=598368585260&addisttype=u&6W4E4UA%23ABA&
cq_src=google_ads&cq_cmp=17270126127&cq_con=136200232785&cq_term=&cq_med=&cq
_plac=&cq_net=u&cq_pos=&cq_plt=gp&gclid=EAIaIQobChMIh5mA3bmG_AIVi4XICh0Dug
8uEAQYAiABEgKB3fD_BwE&gclsrc=aw.ds#techSpecs).   HP also instructs its customers and end users on how to use the Accused Products in an infringing manner, including through the use of DisplayPort Alternative Mode.  *See, e.g.*, Ex. 22 (EliteBook 865 G9 Pro User Guide - https://support.hp.com/gb-en/product/setup-user-guides/hp-elitebook-865-16-inch-g9-notebook-pc/2100825627).  HP provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. HP also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '520 Patent, thereby specifically intending for and inducing its customers to infringe the '520 Patent through the customers' normal and customary use of the Accused Products.

67.     HP has also infringed, and continues to infringe, one or more claims of the '520 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '520 Patent, are especially made or adapted to infringe the '520 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of at least the filing and service of this complaint, HP has knowledge of the '520 Patent and the infringing nature of the Accused Products.  HP has been, and currently is, contributorily infringing the '520 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the identified hardware and/or software components in HP's laptops, desktops, docking stations, and monitors that support DisplayPort Alt Mode on

USB Type-C Version 1.0 and later constitute a material part of the inventions claimed in the '520 Patent, are especially made or adapted to infringe the '520 Patent and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 20.

68.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, HP has injured Plaintiff and is liable for infringement of the '520 Patent pursuant to 35 U.S.C. § 271.

69.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. §287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '520 Patent during the relevant time period or were not required to mark during the relevant time period.

70.     As a result of HP's direct infringement of the '520 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for HP's infringement, but in no event less than a reasonable royalty for the use made of the invention by HP, together with interest and costs as fixed by the Court.

71.     As a result of HP's indirect infringement of the '520 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for HP's infringement, but in no event less than a reasonable royalty for the use made of the invention by HP, together with interest and costs as fixed by the Court, accruing as of the time HP obtained knowledge of the '520 Patent.

**COUNT VII**

**INFRINGEMENT OF U.S. PATENT NO. 7,921,231**

72. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

73. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,921,231, titled "Discovery of electronic devices utilizing a control bus." The '231 Patent was duly and legally issued by the United States Patent and Trademark Office on April 5, 2011. A true and correct copy of the '231 Patent is attached as Exhibit 23.

74. On information and belief, HP has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation HP products (laptops, desktops, and monitors) that support DisplayPort Alt Mode on USB Type-C Version 1.0 and later, such as the EliteBook 865 G9 Pro Laptop ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '231 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order. Plaintiff's identification of the Accused Products is not intended to accuse products where the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

75. The Accused Products satisfy all claim limitations of one or more claims of the '231 Patent. A claim chart comparing exemplary independent claim 10 of the '231 Patent to representative Accused Products is attached as Exhibit 24.

76. HP also knowingly and intentionally induces infringement of one or more claims of the '231 Patent in violation of 35 U.S.C. § 271(b). As of at least the filing and service of this complaint, HP has knowledge of the '231 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '231 Patent, HP continues to actively encourage and instruct its

customers and end users (for example, through online instruction and other online publications cited in Exhibit 24) to use the Accused Products in ways that directly infringe the '231 Patent. For example, HP advertises that its products provide DisplayPort Alternative Mode connections over USB-C. *See* Ex. 21 (EliteBook 865 G9 Pro Specifications - https://www.hp.com/us-en/shop/pdp/hp-elitebook-865-16-inch-g9-notebook-pc-wolf-pro-security-edition?&a=1&jumpid=cs_con_nc_ns&utm_medium=cs&utm_source=ga&utm_campaign=HP-Store_US_All_BPS_All_AMD_Google_All_Smart-PLA_Bestseller&utm_content=sp&adid=598368585260&addisttype=u&6W4E4UA%23ABA&cq_src=google_ads&cq_cmp=17270126127&cq_con=136200232785&cq_term=&cq_med=&cq_plac=&cq_net=u&cq_pos=&cq_plt=gp&gclid=EAIaIQobChMIh5mA3bmG_AIVi4XICh0Dug8uEAQYAiABEgKB3fD_BwE&gclsrc=aw.ds#techSpecs). HP also instructs its customers and end users on how to use the Accused Products in an infringing manner, including through the use of DisplayPort Alternative Mode. *See, e.g.*, Ex. 22 (EliteBook 865 G9 Pro User Guide - https://support.hp.com/gb-en/product/setup-user-guides/hp-elitebook-865-16-inch-g9-notebook-pc/2100825627). HP provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. HP also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '231 Patent, thereby specifically intending for and inducing its customers to infringe the '231 Patent through the customers' normal and customary use of the Accused Products.

77. HP has also infringed, and continues to infringe, one or more claims of the '231 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '231

Patent, are especially made or adapted to infringe the '231 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of at least the filing and service of this complaint, HP has knowledge of the '231 Patent and the infringing nature of the Accused Products. HP has been, and currently is, contributorily infringing the '231 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware and/or software components in HP's laptops, desktops, docking stations, and monitors that support DisplayPort Alt Mode on USB Type-C Version 1.0 and later constitute a material part of the inventions claimed in the '231 Patent, are especially made or adapted to infringe the '231 Patent and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 24.

78. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, HP has injured Plaintiff and is liable for infringement of the '231 Patent pursuant to 35 U.S.C. § 271.

79. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. §287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '231 Patent during the relevant time period or were not required to mark during the relevant time period.

80. As a result of HP's direct infringement of the '231 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for HP's infringement, but in no event less than a reasonable royalty for the use made of the invention by HP, together with interest and costs as fixed by the Court.

81. As a result of HP's indirect infringement of the '231 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for HP's

infringement, but in no event less than a reasonable royalty for the use made of the invention by HP, together with interest and costs as fixed by the Court, accruing as of the time HP obtained knowledge of the '231 Patent.

## COUNT VIII

## INFRINGEMENT OF U.S. PATENT NO. 9,852,103

82.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

83.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,852,103, titled "Bidirectional transmission of USB data using audio/video data channel."  The '103 Patent was duly and legally issued by the United States Patent and Trademark Office on December 26, 2017. A true and correct copy of the '103 Patent is attached as Exhibit 25.

84.     On information and belief, HP has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation HP products (laptops, desktops, monitors, and docking stations) that support USB 4 Version 1.0 and later, such as the EliteBook 845 G9 Pro Laptop ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '103 Patent.  Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.  Plaintiff's identification of the Accused Products is not intended to accuse products where the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

85. The Accused Products satisfy all claim limitations of one or more claims of the '103 Patent. A claim chart comparing exemplary independent claim 21 of the '103 Patent to representative Accused Products is attached as Exhibit 26.

86. HP also knowingly and intentionally induces infringement of one or more claims of the '103 Patent in violation of 35 U.S.C. § 271(b). As of at least the filing and service of this complaint, HP has knowledge of the '103 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '103 Patent, HP continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 26) to use the Accused Products in ways that directly infringe the '103 Patent. For example, HP advertises that its products are compatible with USB. *See* Ex. 21 (EliteBook 865 G9 Pro Specifications - https://www.hp.com/us-en/shop/pdp/hp-elitebook-865-16-inch-g9-notebook-pc-wolf-pro-security-edition?&a=1&jumpid=cs_con_nc_ns&utm_medium=cs&utm_source=ga&utm_campaign=HP-Store_US_All_BPS_All_AMD_Google_All_Smart-PLA_Bestseller&utm_content=sp&adid=598368585260&addisttype=u&6W4E4UA%23ABA&cq_src=google_ads&cq_cmp=17270126127&cq_con=136200232785&cq_term=&cq_med=&cq_plac=&cq_net=u&cq_pos=&cq_plt=gp&gclid=EAIaIQobChMIh5mA3bmG_AIVi4XICh0Dug8uEAQYAiABEgKB3fD_BwE&gclsrc=aw.ds#techSpecs). HP also instructs its customers and end users on how to use the Accused Products in an infringing manner, including through the use of USB. *See, e.g.*, Ex. 22 (EliteBook 865 G9 Pro User Guide - https://support.hp.com/gb-en/product/setup-user-guides/hp-elitebook-865-16-inch-g9-notebook-pc/2100825627). HP provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. HP also continues to make,

use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '103 Patent, thereby specifically intending for and inducing its customers to infringe the '103 Patent through the customers' normal and customary use of the Accused Products.

87. HP has also infringed, and continues to infringe, one or more claims of the '103 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '103 Patent, are especially made or adapted to infringe the '103 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of at least the filing and service of this complaint, HP has knowledge of the '103 Patent and the infringing nature of the Accused Products. HP has been, and currently is, contributorily infringing the '103 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware and/or software components in HP's laptops, desktops, and monitors that support USB 4 Version 1.0 and later constitute a material part of the inventions claimed in the '103 Patent, are especially made or adapted to infringe the '103 Patent and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 26.

88. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, HP has injured Plaintiff and is liable for infringement of the '103 Patent pursuant to 35 U.S.C. § 271.

89. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. §287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '103 Patent during the relevant time period or were not required to mark during the relevant time period.

90. As a result of HP's direct infringement of the '103 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for HP's infringement, but in no event less than a reasonable royalty for the use made of the invention by HP, together with interest and costs as fixed by the Court.

91. As a result of HP's indirect infringement of the '103 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for HP's infringement, but in no event less than a reasonable royalty for the use made of the invention by HP, together with interest and costs as fixed by the Court, accruing as of the time HP obtained knowledge of the '103 Patent.

## COUNT IX

### DECLARATORY JUDGMENT THAT PLAINTIFF HAS NEGOTIATED IN GOOD FAITH TOWARD A LICENSE WITH HP, HAS NOT VIOLATED THE VESA OR USB-IF IPR POLICIES, AND HAS NOT VIOLATED COMPETITION LAW

92. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

93. Plaintiff's '905, '307, '798, '265, '712, '520, '231, and '103 Patents were previously assigned to Lattice Semiconductor Corporation ("Lattice"), which is a member of the Video Electronics Standards Association ("VESA") and the USB Implementers Forum, Inc. ("USB-IF"). Lattice was required to comply with the VESA and USB-IF IPR policies to the extent the '905, '307, '798, '265, '712, '520, '231, and '103 Patents contain Necessary Claims as defined in the VESA and USB-IF IPR policies.

94. Plaintiff has fully performed its obligations under the VESA and USB-IF IPR policies, to the extent they apply to Plaintiff's '905, '307, '798, '265, '712, '520, '231, and '103 Patents. Upon information and belief, HP disagrees, as HP has refused to license these patents,

even refusing to entertain an offer from Plaintiff.  Plaintiff has at all times been prepared to grant HP a license to the '905, '307, '798, '265, '712, '520, '231, and '103 Patents.  There is a dispute between Plaintiff and HP concerning whether Plaintiff has negotiated in good faith towards a license to Plaintiff's '905, '307, '798, '265, '712, '520, '231, and '103 Patents, and whether Plaintiff or its predecessors-in-interest have complied with the VESA and USB-IF IPR policies.  There is a case or controversy of sufficient immediacy, reality, and ripeness to warrant the issuance of declaratory judgment.

95.     Plaintiff requests a declaratory judgment that its negotiations toward a license with HP were conducted in good faith, are not in violation of the VESA or USB-IF IPR policies, and are consistent with competition law requirements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.      A judgment in favor of Plaintiff that HP has infringed, either literally and/or under the doctrine of equivalents, the '905, '307, '798, '265, '712, '520, '231, and '103 Patents;

b.      A judgment and order requiring HP to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for HP's infringement of the '905, '307, '798, '265, '712, '520, '231, and '103 Patents;

c.      A judgment that HP's infringement of the '905, '307, '798, '265, and '712 Patents has been willful and order requiring HP to pay treble damages for willful infringement;

d.      A judgment and order requiring HP to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court;

e.      A judgment and order requiring HP to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment

interest and compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products;

f.     A declaration that Plaintiff has negotiated in good faith with HP towards a license for the '905, '307, '798, '265, '712, '520, '231, and '103 Patents, has not violated the VESA or USB-IF IPR policies, and has not violated competition law.

g.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against HP; and

h.     Any and all other relief as the Court may deem appropriate and just under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  September 28, 2023    Respectfully submitted,

        */s/ Brett Cooper*

        Brett E. Cooper (NY SBN 4011011)
        bcooper@bc-lawgroup.com
        Seth Hasenour (TX SBN 24059910)
        shasenour@bc-lawgroup.com
        Jonathan Yim (TX SBN 24066317)
        jyim@bc-lawgroup.com
        Drew B. Hollander (NY SBN 5378096)
        dhollander@bc-lawgroup.com

        BC LAW GROUP, P.C.
        200 Madison Avenue, 24th Floor
        New York, NY 10016
        Phone: 212-951-0100

        ***Attorneys for Plaintiff Universal Connectivity Technologies Inc.***