UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL CONNECTIVITY TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 24-cv-04097-NW (SVK) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS; DIRECTING BRIEFING RE DEFENDANT'S MOTION TO STRIKE; DEFERRING PLAINTIFF'S MOTION TO COMPEL AMENDED INVALIDITY CONTENTIONS** <br><br> Re: Dkt. Nos. 101, 102 |

Before the Court are Plaintiff Universal Connectivity Technologies, Inc.'s ("UCT") and Defendant HP Inc.'s ("HP") discovery disputes relating to their patent infringement and invalidity contentions. The primary dispute is UCT's Motion for Leave to Amend its Infringement Contentions. Dkt. 101 (the "Motion").[1] HP opposes the Motion. Dkts. 109-110. During briefing on the Motion, the Parties also submitted a joint letter setting forth two related discovery disputes: HP's motion to strike the infringement contentions as deficient and UCT's motion to compel HP to narrow its invalidity contentions. Dkt. 102 (the "Joint Letter"). The Parties sought permission from the Honorable Yvonne Gonzalez Rogers to fully brief the disputes. *Id.* After reassignment to the Honorable Noël Wise, Judge Wise referred these disputes to the undersigned. Dkt. 118. The Court has determined that the Motion and the requests for further briefing are suitable for

---

[1] The Motion contains limited redactions based upon Plaintiff's request to seal certain of the underlying infringement charts connected with this Motion. *See* Dkts. 101, 114 (Plaintiff's Admin. Motions to File Under Seal). Apart from noting, as Plaintiff represents and as Defendant does not challenge, that "the amendments do not change UCT's infringement theory [and] do not add any new products or claims," (Dkt. 101 at 2, 12), the Court's rationale in resolving the instant disputes does not rely on the information sought to be sealed. The Court accordingly **TERMINATES AS MOOT** the requests to seal. Dkts. 100-2, 100-3, 100-4, 100-5, 100-6, 100-7, 100-8, 100-9, and 114-2 shall remain under seal.

resolution without oral argument. Civil L.R. 7-1(b). Having considered the Parties' briefs, the relevant law and the record in this action, the Court **GRANTS** UCT's Motion. Additionally, the request for further briefing on HP's motion to strike is **GRANTED** to the extent set forth below while the request for further briefing on UCT's motion to compel is **DEFERRED**.

## I.    BACKGROUND

UCT filed this patent action in the Western District of Texas on September 28, 2023, accusing certain "HP laptops, desktops, monitors, and docking stations" of infringing eight patents based on those products' compliance with various USB, DisplayPort, PCIe power, and data transfer standards. Dkt. 101 at 2; *see, generally*, Dkt. 1.

UCT served its initial infringement contentions on March 26 and served its first amended contentions, reducing the number of asserted claims to 70, on May 24, 2024. Dkt. 101 at 2. On July 8, 2024, the Western District of Texas transferred venue to this District, (Dkt. 52), and on October 21, 2024, UCT served updated infringement contentions based on this District's Patent Local Rules (Dkt. 101 at 3). On November 27, 2024, HP informed UCT of perceived deficiencies in its contentions and the Parties met and conferred regarding these deficiencies on December 10. Dkt. 101 at 3. UCT proposed amended contentions on December 20, 2024. *Id.* HP rejected the amended contentions, asserting that they remained deficient, on January 30, 2025. After further meet-and-confer efforts, UCT filed this Motion on February 12, 2025.

## II.   LEGAL STANDARD

A party may amend its infringement contentions "only by order of the court upon a timely showing of good cause." Patent L.R. 3-6. "[A]s a general rule, mistakes or omissions are not by themselves good cause." *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2016 WL 2855260, at *3 (N.D. Cal. May 13, 2016) (internal citation and quotation omitted).

> Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: **(a)** A claim construction by the Court different from that proposed by the party seeking amendment; **(b)** Recent discovery of material, prior art despite earlier diligent search; and **(c)** Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

2

Patent L.R. 3-6.

"The good cause inquiry is two-fold: (1) whether the moving party was diligent in amending its contentions; and (2) whether the non-moving party would suffer prejudice if the motion to amend were granted." *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-CV-00119-HSG, 2018 WL 5619743, at *3 (N.D. Cal. Oct. 29, 2018) (citation omitted). "If the moving party was not diligent, the inquiry should end; … [but] if the court finds that the moving party has acted with diligence, it must then determine whether the nonmoving party would suffer prejudice if the motion to amend were granted." *Contour IP Holding, LLC v. GoPro Inc.*, No. 17-cv-04738-WHO, 2020 WL 109063, at *3 (N.D. Cal. Jan. 9, 2020) (citing *O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355 (Fed. Cir. 2006)).

### III.   DISCUSSION

#### A.   UCT Was Diligent in Seeking Leave to Amend

UCT as the moving party that bears the burden of demonstrating diligence. *O2 Micro*, 467 F.3d at 1366. UCT asserts that it was diligent in amending its infringement contentions, and HP does not challenge diligence in its opposition. Dkt. 101 at 4-11; *see, generally*, Dkt. 109. The Court agrees with UCT. The diligence inquiry consists of two sub-parts: "(1) whether [the moving party] was diligent in discovering the basis for the proposed amendment, and (2) how quickly it moved to amend the contentions …" thereafter. *Viavi Sols. Inc., v. Platinum Optics Tech., Inc.*, No. 20-cv-05501-EJD (SVK), Dkt. 185, at 6 (N.D. Cal. June 23, 2022).

As to the first factor, although in certain circumstances deficiencies brought to light by an opposing party could weigh against a finding of diligence, (*see Hewlett Packard Co. v. Servicenow, Inc.*, No. 14-cv-00570-BLF (HRL), 2016 WL 692828, at *4 (N.D. Cal. Feb. 19, 2016)), that is not the case at hand. One reason is that Rule 3-6 expressly states that its "good cause" examples are non-exhaustive. A second reason is that once HP raised asserted deficiencies in its November 27, 2024 letter, UCT proceeded diligently in evaluating the potential deficiencies, meeting and conferring with HP and proffering amendments in an attempt to remedy the deficiencies. *See* Dkt. 101 at 3.

As to the second diligence factor, discounting any delay attributable to the Parties' good

3

1  faith meet-and-confer efforts (which the Court will not penalize), UCT sought to amend its
2  contentions less than two months after serving its first infringement contentions in this District.
3  Dkt. 101 at 3. This is sufficiently diligent. *See, e.g.*, *The Regents of the University of Michigan v.*
4  *Leica Microsystems, Inc.*, No. 19-cv-07470-WHO, Dkt. 88 at 2-3 (N.D. Cal. Oct. 26, 2023)
5  (finding that three months pre-stay plus three months post-stay was "not excessive").
6      Accordingly, UCT has shown diligence.
7      B.    **HP Will Not Be Prejudiced by the Amendment**
8      "Prejudice can be shown when there will be disruptions to the case schedule or other court
9  orders, or when a party changes its infringement theories or requires its opposition to prepare
10 additional defenses." *R.N Nehushtan Tr. Ltd. v. Apple Inc.*, No. 22-cv-01832-WHO, 2023 WL
11 5663155, at *1 (N.D. Cal. Aug. 30, 2023). Here, HP argues that it is prejudiced because the initial
12 and, in HP's view, ongoing, deficiencies in UCT's "opaque infringement theories" "create
13 significant uncertainties regarding the scope of discovery and claim construction." Dkt. 109 at 1,
14 4-5. HP argues, for example, that because UCT's proposed amendments are deficient, "HP cannot
15 fully plan its defenses" and will be "forced to collect and respond to discovery" based on
16 purportedly deficient theories. *Id.* at 5.
17     The prejudice HP points to may well be a real consequence of deficient contentions. Of
18 course, by amending its contentions to add more detail, UCT takes steps to alleviate such
19 prejudice—not add to it. The Court agrees that "HP cannot be prejudiced by virtue of UCT's
20 additional detail and evidence addressing the very deficiencies that HP identified in the first
21 place." Dkt. 115 at 3. Accordingly, whatever prejudice HP would suffer from UCT's original
22 contentions, such prejudice does not suggest that UCT's motion to amend should be denied.
23     HP's real complaint is that, for various reasons, UCT's amendments remain deficient and
24 so should be denied as futile. *See* Dkt. 109 at 5-22. UCT responds that such arguments do not go
25 to the prejudice of the *amendment* but to the alleged prejudice of deficient contentions and argues
26 that "HP does not provide any support for its position that the sufficiency or 'futility' of the
27 amendments is relevant to the 'good cause' standard." Dkt. 115 at 3-4. The Court agrees with
28 UCT. HP cites only two cases to support its position that "futility," one of the *Foman* factors to be

4

considered in assessing leave to amend under Rule 15(a), is part of this District's "good cause" inquiry for amending contentions. Dkt. 109 at 3 (citing *Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 507 (N.D. Cal. 2011), *aff'd,* 475 F. App'x 334 (Fed. Cir. 2012) and *Sage Electrochromics, Inc. v. View, Inc.*, No. 12-cv-6441-JST, 2014 WL 1379282, at *1 (N.D. Cal. Apr. 8, 2014)); Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). As reasoned below, these cases do not address the present dispute.

First, neither *Trans Video* nor *Sage Electrochromics* support the argument that the Rule 15 inquiry should apply to a motion for leave to amend patent contentions. Rather, they support the position that Patent L.R. 3-6 and the "good cause" requirement may apply to a motion for leave to amend a patent *complaint* (to add new patents and/or new patent claims). *See Sage*, 2014 WL 1379282, at *1; *Trans Video*, 278 F.R.D. at 506. As the court in *Sage* explained:

> in permitting a party to amend the complaint to add a new infringement allegation, the court is effectively permitting the amendment of the infringement contentions. It would be a strange result if a patent plaintiff were to be permitted to amend the complaint to add a new patent infringement claim, and then denied the ability to amend the infringement contentions to reflect that change.

*Sage*, 2014 WL 1379282, at *2. This logic does not apply to the complementary situation here.

Moreover, neither court was confronted with opposing arguments, so, while including some helpful discussion, neither court ultimately resolved the Rule 15 vs. Patent Local Rule 3-6 issue in reaching their conclusions. *See Sage*, 2014 WL 1379282, at *2 (explaining that "View does not argue that the Patent L.R. 3–6 standard applies to this motion, and so the Court will not apply it;" thus applying Rule 15); *Trans Video*, 278 F.R.D. at 507 ("Sony does not dispute that both Rule 15 and Patent Local Rule 3-6 are applicable. Accordingly, the Court shall consider both Rule 15 as well as Patent Local Rule 3-6 in determining whether to grant or deny Trans Video's motion."). Similarly, neither court engaged in a "futility" analysis, as HP urges this Court to do. *See, generally*, *Sage*, 2014 WL 1379282, at *1; *Trans Video*, 278 F.R.D. 505. Finally, even in *Trans Video*, where the court ultimately applied both Rule 15(a) and Patent Local Rule 3-6, the court noted differences between the rules and conducted an alternative, not conjunctive, analysis. *See Trans Video*, 278 F.R.D. at 507-10 (concluding that "the motion to amend, whether

made pursuant to Rule 15 or Patent Local Rule 3–6, lacks merit and is accordingly denied.").

In sum, "futility" does not appear in the local rules. *See* Patent L.R. 3-6 (discussing the need for a "timely showing of good cause" and "absent undue prejudice"). Nor has HP pointed to any court that has examined "futility" in the context of motions to amend contentions. On this record, the Court will not expand the "good cause" inquiry to include "futility" under Rule 15(a).

Independent of HP's prejudice arguments, this Court notes that allowing UCT to amend at this juncture will not disrupt the case schedule or other court orders. *See R.N Nehushtan Tr. Ltd.*, 2023 WL 5663155, at *1 (N.D. Cal. Aug. 30, 2023). Fact discovery does not close until November 14, 2025 (*see* Dkt. 93 at 2), and Judge Wise recently continued claim construction deadlines and set the claim construction hearing for September 3, 2025, (Dkt. 123). Moreover, while the proposed amended contentions add additional detail to UCT's infringement theories, the "theories have not changed [and] the Amended Contentions do not add new products or claims." *See* Dkt. 101 at 2, 12. While HP argues, as part of its futility argument, that the detail remains insufficient, it does not assert that the theories have changed or that new products or claims have been added. *See, generally*, Dkt. 109.

Accordingly, HP has not shown that it will be prejudiced by UCT's amendments.

Because the Court has found that UCT was diligent and HP will not be prejudiced by the amendment, it **GRANTS** UCT's motion for leave to amend. UCT shall serve its amended infringement contentions **no later than June 3, 2025**.

### IV. THE COURT WILL PROCEED SEQUENTIALLY THROUGH THE MOTION TO STRIKE AND MOTION TO COMPEL INVALIDITY CONTENTIONS.

#### A. The Court Will Permit Abbreviated Briefing on the Motion to Strike

In granting UCT's motion to amend its infringement contentions, the Court relies (in addition to its diligence finding) upon the fact that HP has not shown that "futility" is a proper consideration under this District's Patent Local Rules. *See, supra*, § III.B. Accordingly, the Court does **not** pass upon the merits of HP's futility arguments, which boil down to various reasons why, in HP's view, the amended infringement contentions remain deficient. *See, generally*, Dkt. 109. In the related discovery dispute letter, HP seeks leave to brief a motion to strike UCT's original

and amended infringement contentions based on a number of perceived deficiencies. Dkt. 102.

Because this Court has granted UCT leave to amend its infringement contentions, it will **DENY** the motion to strike the original contentions **as moot**. However, the Court will allow abbreviated briefing as to HP's motion to strike the amended infringement contentions. **No later than 14 days after UCT serves its amended infringement contentions**, HP shall file a supplemental brief, not to exceed **10 pages**, setting forth its arguments as to why UCT's amended infringement contentions should be stricken, either in whole or in part. UCT shall file a response, not to exceed **10 pages**, **no later than 14 days following** HP's supplemental brief. HP may then file a reply, not to exceed **5 pages**, **no later than 7 days following** UCT's response. The Court will set a hearing as needed.

### B. The Court Defers the Motion to Compel Amended Invalidity Contentions

In the related discovery dispute letter, UCT also requests the opportunity to brief a motion to compel HP to amend its invalidity contentions, which UCT asserts are not compliant with this District's local rules for various reasons. *See* Dkt. 102 at 3-4. HP disputes these assertions and also argues that "it should not have to narrow the scope of its invalidity contentions without the benefit of infringement contentions compliant with P.L.R. 3-1." *Id.* at 3.

Without resolving the merits of the Parties' dispute, the Court is persuaded that the dispute over invalidity contentions is premature in light of the impending motion to strike. Accordingly, the Court will **DEFER** UCT's request to fully brief its motion to compel until the court resolves the pending motion to strike. **Within 10 days** of such resolution, the Parties are **ordered to meet and confer** regarding whether and to what extent HP will agree to amend its invalidity contentions. If the Parties cannot reach agreement as to the amended contentions, then **within an additional 3 days**, the Parties are to submit a joint proposed briefing schedule.

**SO ORDERED.**

Dated: May 29, 2025

SUSAN VAN KEULEN
United States Magistrate Judge