United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNIVERSAL CONNECTIVITY TECHNOLOGIES INC., | Case No. 24-cv-04097-NW (SVK) |
|---|---|
| Plaintiff, | |
| v. | **SEALING ORDER RE MATERIALS ACCOMPANYING HP'S RENEWED MOTION TO STRIKE** |
| HP INC., | Re: Dkt. Nos. 200, 209 |
| Defendant. | |

Before the Court are two administrative sealing motions relating to Defendant HP Inc.'s ("HP") Renewed Motion to Strike Plaintiff Universal Connectivity Technologies Inc.'s ("UCT") infringement contentions, (Dkt. 199). Dkts. 200 (re HP's Renewed Motion), 209 (re UCT's Opposition). Having considered the Parties' submissions, the relevant law and the record in this action, the Court **DENIES as moot** HP's Motion and **GRANTS IN PART** and **DENIES IN PART** UCT's Motion as set forth below.

| Document to Be Sealed | Portions to Seal | Court Ruling |
|---|---|---|
| Ex. 1 to HP's Renewed Motion to Strike UCT's Infringement Contentions (UCT's Third Amended Infringement Contentions ("TAIC") Cover Pleading)<br><br>[Dkt. 200-1]. | | HP filed its administrative motion to consider whether another Party's materials should be sealed based on UCT's TAIC Cover Pleading as "Highly Confidential – Attorney's Eyes Only." UCT did not timely file a statement or declaration in support of sealing as required by Civil L.R. 79-5(f). However, UCT attached a more restricted excerpt of the TAIC Cover Pleading, and an argument in support of sealing, in the submission of its Opposition. *See* Dkt. 209-1. Accordingly, HP's administrative motion to consider whether UCT's materials should be sealed is **DENIED as moot**. |

| Ex. A to UCT's Opposition (excerpt of UCT's TAIC Cover Pleading)  [Dkt. 209-1] | Portions highlighted at ECF Page:  3 | The Court previously sealed similar information as containing quotation or explanation of a confidential licensing agreement between UCT's parent and Intel Corporation. *See* Dkt. 162. Accordingly, for the same reasons as set forth in Dkt. 162, the Court **GRANTS IN PART** UCT's sealing request.  However, UCT's sealing motion and redactions appear to slightly farther than its previous request: UCT now seeks to seal even the name of the counterparty to the license, Intel, and the existence of the license. *See, e.g.*, Dkt. 209-1 at 3:1; Dkt. 209 (refraining from mentioning Intel by name). Such a request is inappropriate where the name "Intel" and the fact of an Intel license of some (undisclosed) extent has been made publicly available in this case, *e.g.*, in the Parties' unsealed papers (Dkts. 199, 208, 211) and in this Court's prior Orders where unobjected to by UCT (*e.g.*, Dkts. 160, 162). Accordingly, the Court **DENIES IN PART** the request.  UCT need not submit a revised, redacted copy of this document because the unredacted information—that the license is with Intel Corporation—is apparent from this Order. |
| Ex. O to UCT's Opposition (excerpt of UCT's First Amended Claim Chart for U.S. Patent no. 7,154,905)  [Dkt. 209-2] | Portions highlighted at ECF Page:  10 | The Court previously sealed similar information as containing quotation or explanation of confidential VESA standards. *See* Dkt. 162. Accordingly, for the same reasons as set forth in Dkt. 162, the Court **GRANTS** UCT's sealing request. |
| Ex. S to UCT's Opposition (excerpt of UCT's First Amended Claim Chart for U.S. Patent no. 7,921,231)  [Dkt. 209-3] | Portions highlighted at ECF Pages:  6, 10-11 and 13 | The Court previously sealed similar information as containing quotation or explanation of confidential VESA standards. *See* Dkt. 162. Accordingly, for the same reasons as set forth in Dkt. 162, the Court **GRANTS** UCT's sealing request. |

The Clerk of Court **shall** maintain Dkts. 200-1 and 209-1–3 **under seal** until further order of this Court.

**SO ORDERED.**

Dated: February 4, 2026

_____
SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

3