UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL CONNECTIVITY TECHNOLOGIES INC.,<br><br>   Plaintiff,<br><br> v.<br><br>HP INC.,<br><br>   Defendant. | Case No. 24-cv-04097-NW<br><br>**ORDER DENYING MOTION FOR RELIEF FROM ORDER**<br><br>Re: ECF No. 249 |

Plaintiff University Connectivity Technologies, Inc. ("UCT") objects to the February 4, 2026 order granting in part and denying in part Defendant HP Inc.'s renewed motion to strike UCT's third amended infringement contentions ("Order"). ECF No. 249.[1] Having considered UCT's objections and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES the motion.

## I. BACKGROUND

As explained in prior orders, UCT originally filed this action in the Western District of Texas on September 28, 2023, accusing certain HP products of infringing eight patents. Order, ECF No. 160 at 1. In the spring of 2024, UCT served initial and amended infringement contentions in the Western District. *Id.* On July 8, 2024, the Western District transferred venue to this District. *Id.* UCT served updated contentions on October 21, 2024, and HP informed UCT of perceived deficiencies in its contentions. *Id.* UCT moved to amend its contentions, while HP sought leave to move to strike the contentions. *Id.*; *see also* ECF No. 130 at 2 (recounting history). On May 29, 2025, the Court granted UCT's motion to amend, denied as moot HP's

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

request to move to strike the original contentions, and ordered abbreviated briefing on a motion to strike the contentions as amended, to the extent deficiencies remained. *Id.*

On June 17, 2025, HP filed a motion to strike UCT's amended infringement contentions. ECF No. 137. UCT opposed, ECF No. 142, and HP filed a reply, ECF No. 146. On September 8, 2025, the Court granted HP's motion in part, striking portions of UCT's amended infringement contentions with and without leave to amend. ECF No. 160. In particular, the Court struck the portions of UCT's contentions related to representative products with leave to amend. *Id.* In so doing, the Court explained that because UCT alleged infringement based on both compliance with industry-wide standards and HP's individual implementation of those standards, UCT needed to "provide at least a preliminary explanation as to how it expects HP's implementation in the representative products to be the same as HP's implementation in other products." *Id.* at 7. UCT filed a motion for relief from this order, which the Court denied. ECF Nos. 185, 192.

On October 15, 2025, UCT served its third amended infringement contentions ("TAIC") that accuse over 2,000 HP products of infringement. ECF No. 242 at 2-3. In these contentions, UCT did not chart each of these over 2,000 HP products, but rather continued to rely on representative products. *Id.* at 3. HP renewed its motion to strike UCT's contentions on the narrow grounds that UCT's reliance on representative products remained deficient. *Id.* The Court granted HP's motion in part, striking portions of UCT's third amended infringement contentions without leave to amend. *Id.* at 13-14.

On February 18, 2026, UCT timely filed a motion for relief from nondispositive pretrial order. ECF No. 245 (amended motion at ECF No. 249). UCT objected to two sections of the Order: (1) the grant of "HP's motion striking UCT's contentions 'insofar as they accuse products wherein the accused functionality is implemented by processors from manufacturers whose processors are not charted via the representative product;" and (2) the grant of HP's motion striking "all peripheral products for all asserted patents without leave to amend." ECF No. 249 at 3, 5.

## II.    LEGAL STANDARD

A district court may reconsider any pretrial matter referred to a magistrate judge when "the

2

magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The district court "may not simply substitute its judgment" for that of the magistrate judge. *Id.* This "deferential standard ... indicates that decisions by the magistrate judge on nondispositive matters are essentially final decisions of the district court which may be appealed in due course with other issues." *United States v. Abonce-Barrera*, 257 F.3d 959, 968-69 (9th Cir. 2001) (quotation marks and citation omitted). "The 'clearly erroneous' standard applies to the magistrate judge's findings of fact; legal conclusions are freely reviewable de novo to determine whether they are contrary to law." *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999). Under the "clearly erroneous" standard, "the district court may only set aside [a magistrate judge's] factual determinations if it is left with a definite and firm conviction that a mistake has been committed." *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (quotation marks and citation omitted). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Oracle Am., Inc. v. Procore Techs., Inc.*, No. 24-CV-07457-JST, 2026 WL 266506, at *1 (N.D. Cal. Feb. 2, 2026) (citations omitted).

## III.    DISCUSSION

### A.    Processors Not Charted by the Representative Product

UCT interprets the Order as striking "UCT's contentions against NVIDIA GPUs/graphics cards for both the '905 and '307 patents because the representative product in those charts did not include an NVIDIA processor." ECF No. 249 at 3-4. UCT objects to the Order in this regard and seeks leave to amend its contentions to chart an accused NVIDIA GPU/graphics card. *Id.* at 4.

UCT argues that the Order erred because its TAIC "specifically explained how the NVIDIA GPUs/graphics cards provided the accused functionality for the '905 and '307 patents." *Id.* In support, UCT relies on the following from its TAIC cover pleading:

> In addition, UCT expects that each NVIDIA architecture used in the Accused Products supports the same charted DisplayPort functionality required for implementing the accused functionality in substantially the same way. For example, UCT expects that the NVIDIA Kepler architecture is used by certain NVIDIA GPUs present in the Accused Products and is representative for each of the

United States District Court
Northern District of California

other NVIDIA GPU architectures because they all support the same charted functionality.

ECF No. 249-1 at 10 ('905 patent); 12 ('307 patent).  UCT asserts this is sufficient to put HP "on notice as to UCT's infringement theories with respect to the accused NVIDIA GPU/graphics cards for the '905 and '307 patents."  ECF No. 249 at 4.

The Court disagrees.  The Court's prior order striking UCT's amended contentions required UCT to "provide at least a preliminary explanation as to how it expects HP's implementation in the representative products to be the same as HP's implementation in other products."  ECF No. 160 at 7.  The Court agrees with Judge van Keulen that UCT relies on inferences to supply this explanation and "the reasonableness of the inference that an accused product will implement the accused standards in the same way as a representative product varies."  ECF No. 242 at 9.  While it is "reasonable to expect that same kinds of processors by the same manufacturer will implement the industry standards at issue here in the same way when used in the same kinds of devices," "it is not reasonable to expect, in light of the bare analysis provided by UCT, that either different processors (*e.g.*, CPUs versus GPUs) or the same kinds of processors from different manufacturers (*e.g.*, AMD versus Qualcomm) would implement the relevant industry standards in the same way, even in the same kinds of devices (here, PCs)."  *Id.* at 10.  UCT's cursory explanation that it "expects . . . each NVIDIA architecture used in the Accused Products supports the same charted DisplayPort functionality required for implementing the accused functionality in substantially the same way" is insufficient to explain how the NVIDIA architecture implements the accused standards in each of the other non-charted, non-representative HP products.

UCT's motion for relief is DENIED as to this issue.

**B.    Contentions Related Peripheral Products**

UCT contends that the Court erred in granting HP's motion to strike "all peripheral products for all asserted patents without leave to amend."  ECF No. 249 at 5.  UCT claims that for the peripheral products, the information needed to complete its contentions "was not discernable through publicly available information and HP has refused to provide such information despite repeated requests from UCT."  *Id.*  Again, UCT asserts that what it provided in its contentions was

United States District Court
Northern District of California

sufficient to put HP on notice "that the third-party components in the peripheral products operate in the same way as they do in the laptops and desktops from the same manufacturer." *Id.*

UCT's arguments fail for two reasons. First, UCT fails to identify how Judge van Keulen's order is "contrary to law," meaning it "applies an incorrect legal standard or fails to consider an element of the applicable standard." *Oracle Am., Inc*, 2026 WL 266506, at *1. Second, the Court agrees with Judge van Keulen that, with respect to peripheral products "UCT has [not] raised a reasonable inference of infringement or put HP on notice as to UCT's theories of infringement." ECF No. 242 at 11.

Thus, UCT's motion for relief is also DENIED as to this issue.

## IV.    CONCLUSION

Based on this record, the Order was not clearly erroneous or contrary to law. Accordingly, the Court **DENIES** UCT's motion for relief from the Order.

**IT IS SO ORDERED.**

Dated: March 2, 2026

Noël Wise
United States District Judge

5