United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL CONNECTIVITY TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No.  24-cv-04097-NW   (SVK) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO SEAL RE PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS** <br><br> Re: Dkt. Nos. 264, 271, 275 |

Before the Court are the Parties' administrative sealing motions relating to Plaintiff Universal Connectivity Technologies Inc.'s ("UCT") Motion for Discovery Sanctions against Defendant HP, Inc. ("HP"). Dkts. 264, 271, 275.  UCT seeks to seal portions of and certain attachments to its motion and reply, while HP seeks to seal portions of and certain attachments to its opposition. *Id.* HP has filed declaration in support of sealing where required under Civil L.R. 79-5(f). *See* Dkt. 269, 281.  Neither Party has opposed sealing of the other Party's materials. Having considered the Parties' submissions, the relevant law and the record in this action, the Court finds good cause to **GRANT IN PART** and **DENY IN PART** the Parties' sealing motions as follows.

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| Plaintiff's Motion for Rule 37(b) Sanctions Against Defendant for Violation of the Court's Order <br><br> [Dkt. 264-3] | Highlighted portions at ECF pages: <br><br> 8:10-16 <br> 12 (image) <br> 12:11-13 | **GRANTED IN PART** and **DENIED IN PART**.  For the information sought to be sealed by HP, UCT merely states that it is designated as highly confidential and "includes confidential information form HP including deposition testimony that HP designated" as highly confidential.  Dkt. 264-2 at 2.  HP's declaration in support of sealing, Dkt. 269, adds little else beyond that.  It merely reiterates that the matters are designated, states that Plaintiff has not |

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| | | contested these designations and confirms that the "matters on which these individuals testified were not available to the public." Dkt. 269.<br><br>Mere "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(c). Even in the context of discovery, to which there is a lesser presumption of the public right of access, it is HP's burden to explain how injury would result if sealing is denied. *See* Civil L.R. 79-5(c)(1)(ii). In the absence of such explanation from HP, the Court finds that the redactions proposed by HP are overbroad on their face.<br><br>However, UCT's statement in support of sealing information from Dr. Reed-Arthurs' expert report that "includes information about HP's unit sales" is persuasive.<br><br>Accordingly, the Court **GRANTS IN PART** the administrative motion to seal as indicated herein. It **DENIES** the request to seal ECF page 8 lines 2-8 and 23-27, and ECF page 11 lines 19:23. |
| Exhibit 17 to Plaintiff's Motion for Rule 37(b) Sanctions Against Defendant for Violation of the Court's Order (Excerpts of Deposition Transcript of Reed Hablinski)<br><br>[Dkt. 264-4]. | Highlighted text at Transcript pages:<br><br>117:9-118:3 | **GRANTED IN PART** and **DENIED IN PART** for the reasons set forth with respect to Dkt. 264-3 |

United States District Court
Northern District of California

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| Exhibit 18 to Plaintiff's Motion for Rule 37(b) Sanctions Against Defendant for Violation of the Court's Order (Excerpts of Deposition Transcript of Laura Crawford)<br><br>[Dkt. 264-5] | None | **DENIED** for reasons set forth with respect to Dkt. 264-3. |
| Exhibit 19 to Plaintiff's Motion for Rule 37(b) Sanctions Against Defendant for Violation of the Court's Order (Excerpts of Expert Report of Dr. Rebecca Reed-Arthurs)<br><br>[Dkt. 264-6] | Highlighted portions at paragraphs:<br><br>401, 408-409 (image), 409 (text), 521<br><br>And footnotes:<br><br>493, 496, 501 | **GRANTED IN PART** and **DENIED IN PART** for the reasons set forth with respect to Dkt. 264-3 |
| Defendant's Opposition to Plaintiff's Motion for Rule 37(b) Sanctions<br><br>[Dkt. 271-3] | Highlighted portions at ECF pages:<br><br>8:7-10<br>8:13-14<br>19:3 (the name of the database) | **GRANTED IN PART** and **DENIED IN PART**.  For similar reasons as set forth above, the Court does not doubt HP's declaration with regard to the non-public nature of this information.  HP cannot, however, rest its motion to seal on a bare assertion that the "disclosure of this sensitive, confidential business information would result in competitive harm to HP." *See* Dkt. 271-1, ¶ 3.  Unless the competitive harm is readily apparent on the face of the redactions, *e.g.*, because they relate to trade secret or financial data, this is insufficient.<br><br>Moreover, HP is **ADMONISHED** that it must heed this Court's prior sealing orders. Specifically, HP  improperly seeks to "seal even the name of the counterparty to the license, Intel, and the existence of the license," when the Court has already rejected such a request based on the fact that Intel's identity as a licensor had already been made publicly available in |

3

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| | | this case.  Dkt. 243 at 2 (citing Dkts. 199, 208, 211).  In the future, careless and overbroad submissions may be grounds for denial of HP's sealing request in its entirety.<br><br>Accordingly, the Court **GRANTS IN PART** the administrative motion to seal as indicated in the column to the left, and otherwise **DENIES** the motion. |
| Declaration of Theresa Klusendorf in Support of HP Inc.'s Opposition to Plaintiff's Rule 37 Motion<br><br>[Dkt. 271-4] | | **DENIED WITHOUT PREJUDICE.** For the same reasons as set forth with regard to Dkts. 264-3 and 271-3, above, redaction of this declaration in its entirety is overbroad.<br><br>HP may re-submit its sealing request, identifying tailored information it seeks to redact from the Declaration of Theresa Klusendorf and justifying the harm that would result if such information is disclosed. |
| Exhibit 1 to the Declaration of Theresa Klusendorf in Support of HP Inc.'s Opposition to Plaintiff's Rule 37 Motion<br><br>[Dkt. 271-5] | Entire Document | **GRANTED**.  The Court finds that HP would suffer competitive harm from the release of specific SKU numbers and names of its products in combination, as well as the intended market/region for its products. |
| Exhibit 2 to the Declaration of Theresa Klusendorf in Support of HP Inc.'s Opposition to Plaintiff's Rule 37 Motion<br><br>[Dkt. 271-6] | Entire Document | **GRANTED** for the reasons set forth with regard to Dkt. 271-6, above. |

United States District Court
Northern District of California

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| Plaintiff's Reply in Support of Motion for Rule 37(b) Sanctions Against Defendant for Violation of the Court's Order [Dkt. 275-3] | Highlighted portions at ECF pages: 4:11-13 7:4-16, 24 8:5-6 ("the fact that…"), 8:7-9, 11-12, 14, 8:17-18, 27 | **GRANTED IN PART** and **DENIED IN PART** for the reasons set forth with regard to Dkts. 264-3 and 271-3, above. |
| Exhibit 20 to Plaintiff's Reply in Support of Motion for Rule 37(b) Sanctions Against Defendant for Violation of the Court's Order (Excerpts of Expert Report of Dr. Rebbecca Reed-Arthurs) [Dkt. 275-4] | Information in ¶ 521; Entirety of Exhibit A.1 | **GRANTED IN PART** and **DENIED IN PART** for the reasons set forth with regard to Dkts. 264-3 and 271-3, above, and additionally because UCT did not seek to seal paragraphs 520, 522-523 in its opening Motion (Ex. 19). |
| Exhibit 21 to Plaintiff's Reply in Support of Motion for Rule 37(b) Sanctions Against Defendant for Violation of the Court's Order (Excerpts of Expert Report of Dr. Rebbecca Reed-Arthurs) [Dkt. 275-5] | Information in ¶354 | **GRANTED IN PART** and **DENIED IN PART** for the reasons set forth with regard to Dkts. 264-3 and 271-3, above, and additionally because, based on the footnotes cited by Ms. Rowe, much of this information appears public. |

The Clerk of Court shall maintain Dkts. 264-3–4, 264-6, 271-3–6 and 275-3–5 **under seal** until further order of this Court. The Clerk of Court **shall unseal** Dkt. 264-5. **No later than May 27, 2026**, UCT shall publicly file revised, redacted copies of Dkts. 264-3–4, 264-6 and 275-3–5, and HP shall publicly file revised, redacted copies of Dkts. 271-3 and 271-5–6. Also **no later than May 27, 2026**, HP may renew its request to maintain Dkt. 271-4 under seal, with redactions

in accordance with the Court's guidance above.

**SO ORDERED.**

Dated: May 13, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

6